# UNITED STATES DISTRICT COURT

for the
Southern District of Illinois

Martin J. Villalobos

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

C. Gauthier

S. Detrick

C. Dunning

J. Gregory

_____

Case No: 25-1586 - JPG
(To be supplied by the Clerk of this Court)

(Enter above the full name of ALL
defendants in this action.  Do not
use "et al.")

CHECK ONE ONLY:

_____    COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

✓
_____    COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331(a) U.S. Code (federal defendants)

_____    OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

Revised 4/01

1

## I.    Plaintiff(s):

A.    Name: Martin Villalobos

B.    List all aliases: N/A

C.    Prisoner identification number: 63702-050

D.    Place of present confinement: FCI Marion

E.    Address: 4500 Prison Rd., Marion, IL 62959

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

## II.    Defendant(s):

(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A.    Defendant: C. Gauthier

Title: SOMP Coordinator

Place of Employment: FCI Marion

B.    Defendant: S. Detrick

Title: SOMP Specialist

Place of Employment: FCI Marion

C.    Defendant: C. Dunning

Title: SOMP Specialist

Place of Employment: FCI Marion

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 4/01

2

D.  Defendant: J. Gregory

Title: SOMP Specialist

Place of Employment: FCI Marion

E.  Defendant:

Title:

Place of Employment:

F.  Defendant:

Title:

Place of Employment:

2a

III.    **Exhaustion of Administrative Remedies**

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A.    Is there a grievance procedure available at your institution?

YES (✓)  NO ( )  If there is no grievance procedure, skip to F.

B.    Have you filed a grievance concerning the facts in this complaint?

YES (✓)  NO ( )

C.    If your answer is **YES**:

1.    What steps did you take?

I filed an Informal Resolution on 3-26-24, It was denied on 4-2-24. I then filed a B-P-229(13) with Warden on 4-23-24.

2.    What was the result?

The Warden denied the apeal on 5-20-24.
(See attached Exhibits A-B)

3.    If the grievance was not resolved to your satisfaction, did you appeal?

What was the result (if there was no procedure for appeal, so state.)

I apealed to the Regional Director on 6-28-24. It was denied on 7-19-24. I then apealed to the Office of General Counsel on 8-27-24. Denied on 9-3-24.
Docket No. 1198567-A1

D.    If your answer is NO, explain why not: _____

_____

_____

_____

Revised 4/01                                    3

E.   Is the grievance procedure now completed?   YES ( ✓ )   NO ( )

F.   If there is no grievance procedure in the institution, did you complain to authorities?   YES ( )   NO ( )

G.   If your answer is **YES**:

1.   What steps did you take?

N/A

2.   What was the result?

N/A

H.   If your answer is **NO**, explain why not:

N/A

IV.  **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):**

A.  Name of case and docket number: _____N/A_____

_____

B.  Approximate date of filing lawsuit: _____N/A_____

C.  List all plaintiffs (if you had co-plaintiffs), including any aliases: _____
_____N/A_____
_____
_____

D.  List all defendants: _____N/A_____
_____
_____
_____

E.  Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____N/A_____

F.  Name of judge to whom case was assigned: _____N/A_____
_____

G.  Basic claim made: _____N/A_____
_____
_____

H.  Disposition of this case (for example:  Was the case dismissed?  Was it appealed? Is it still pending?): _____N/A_____
_____
_____

H.  Approximate date of disposition: _____N/A_____

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT.  REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE.  CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

Revised 4/01                                        5

## V.    Statement of Claim:

State here as briefly as possible the facts of your case.  Describe precisely how each defendant is involved.  Include also the names of other persons involved, dates, and places.  **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

I am Contesting my immediate expulsion from the Sex Offender Treatment Program - Residential (SOTP-R)

PLEASE

SEE AHached

"Plaintiff's Supplemental Memorandum"

PLEASE

SEE ATTACHED

"Plaintiff's Supplemental Memorandum"

**VI.    Relief:**

State briefly exactly what you want the court to do for you.  Make no legal arguments.
Cite no cases or statutes.

PLEASE SEE

ATTACHED

"Plaintiff's Supplemental Memorandum"

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this
Complaint are true to the best of my knowledge, information
and belief.  I understand that if this certification is not correct,
I may be subject to sanctions by the Court.

Signed this ___4th___ day of __August__, 20__25__

_____
(Signature of plaintiff or plaintiffs)

Martin J. Villalobos
(Print name)

63702-050
(I.D. Number)

FCI Marion
4500 Prison Rd. (PO Box 1000)
Marion, IL 62959
(Address)

Martin Villalobos # 63702-050
FCI Marion
PO Box 1000
Marion, IL 62959

United States District Court
for the
Southern District of Illinois

Villalobos   v.   Gouthier, Detrick, Dunning, Gregory,
SOTP Staff at FCI Marion

Plaintiff                    Defendants

Plaintiff's Supplemental Memorandum

"Bivens" Action Claim Under 28 USC Sec. 1331

History of the Case

This is an appeal of an administrative remedy filing, Case No. 1198567, to the District Court from the decision of the BOP General Counsel's Central Office. Pursuant to the records of this case (see Exhibits "Ex." A-D), on December 7, 2023 I was immediately expelled from the SOTP-R and the Residential housing unit illegally. BOP Program Statement 5324.10, Sex Offender Programs, section 3.3.4 states (repeatedly) that at least one attempt at a formal intervention must be given before any expulsion. This was never done in my case. Subsection d(2) allows for immediate expulsion only if the DHO finds that the inmate has committed an infraction involving: 1. Alcohol or Drugs, 2. Violence or threats of violence, 3. Escape or attempted escape, 4. a 100-level series incident report, 5. Violating confidentiality, or 6. a prohibited conduct of such magnitude that continued presence would create an immediate ongoing problem for staff or inmates.

Every response at every level of my filing has conceded that I did not do any of those things. What was concluded was that, according to them, since I was only involved in adjunctive services treatment, I was not participating in the SOTP-R and so not eligible for the protections in section 3.3.4. (see Ex. A-D)

My argument - which seems to not ever have been properly addressed - is that pretreatment adjunctive services, by policy, can only be administered to inmates while they're in the general population and is only a part of the Non-Residential treatment Sex Offender program, see section 3.4.3. The Residential Sex Offender program is governed under section 3.5 which contains no such adjunctive services.

Furthermore, I was residing in the Residential housing unit continually from October 2021 to December 7, 2023 but had not yet begun the "phasing" portion of the SOTP-R. However, section 3.5.5 mandates that such a housing unit "must be solely for SOTP-R participants" and is to be "separated from the general population," where Non-residential program participants are not.

-1-

From what I can gather is that they conclude that only inmates in the phasing period of the program are protected under section 3.3.4. Though this was never explicitly stated in any of their responses and I should not have to be the one to make their argument for them.

## Argument

I contend that when an inmate (such as myself) is enrolled for purposes of the SOTP-R, while involved in all the various house rules and assignments and living in the residential housing unit pursuant to section 3.5.5, he is a participant that is fully protected under section 3.3.4. This requires a decision by this Court because the actions of the SOTP staff sets a dangerous precedent.

The provisions set forth in section 3.3.4 are there to protect inmates from staff overextending their authority. It only permits immediate expulsion under the most extreme circumstances and instead prefers giving inmates the chance to rectify a wrong and remain in treatment. The provision provides for a more therapeutic and magnanimous condition when dealing with inmates who backslide during treatment where expulsions are really supposed to be the exception not the rule.

The response at every level of my filing has either misrepresented policy or changed its position or both. The first response from staff misrepresented policy by stating that I was in "pretreatment status," while "residing in the treatment unit." These two conditions are mutually exclusive and irreconcilable under policy. As stated, I was living in the residential housing unit under section 3.5 which does not allow for non-residential program adjunctive services participation (see Ex. A-B).

The next level, the Warden's response, evaded this fact and sought instead to describe, apparently for my benefit, a summery of adjunctive services for sex offenders provided by the SOTP (see Ex. B). This was irrelevant as I was in the Residential program and residential housing unit and what he described only applies to Non-Residential treatment participants. He concluded I was "not considered in participation status" and only in "Adjunctive Services treatment." No mention of "pretreatment status," however.

Next, the Regional Director, as well, did not dare to say I was in "pretreatment status" but instead seemed to rely primarily on the contention that I was "not in participation status," while at the same time acknowledging that the Warden outlined only "the provisions for adjunctive non-residential treatment programing" (see Ex. C).

Finally the Central Office simply repeated the previous reasoning but said, specifically, I was only "an adjunctive service participant" and not a "full program participant." This response was not delivered to me until Sep. 17, 2024 (see Ex. D).

The actions of SOTP staff after I began this administrative remedy, however, belies this contention that I was not in the SOTP-Residential when I was expelled. Starting August 1, 2024, the SOTP-R at FCI Marion began doing pretreatment adjunctive services (to prepare for SOTP-R) only while inmates are in the general population prior to entering the residential housing unit, caving in to pressure from the Regional Director to comply with policy. After years of non-compliance.

Additionally, these responses focus intensively on a few of my "infractions" such as saying I received four (4) incident reports since I've been in the program.

-2-

However, this is a misrepresentation of the facts. Since I began programming in Feb. 2020, I have only received two (2) 300-level incident reports. Incident report 3531369 violation 307 was dismissed. Incident report 3863503 was suspended and 3863507 was reduced from a 329 violation to a 305 violation (see Ex. E). Even so, none of this qualifies as conditions warranting immediate expulsion.

Additionally, now that it is settled that pretreatment adjunctive services can only be administered while in the general population, attested to by SOTP staff's own actions starting on August 1, 2024, the question is if only the phasing portion of the SOTP-R constitutes "participation status" and is where section 3.3.4 of Program Statement applies. I contend it does not.

Furthermore, the Policy Statement's crafters were not so ambiguous on the matter. Section 3.3.4(a), suggests that "participants" are not just those who have "completed all program phases." It clearly designates "program phases" to just a portion of program participation as a whole. In addition, section 3.3.1(b) clearly states that all inmates entering the program and residential housing unit must sign an Agreement to Participate in Sex Offender Treatment Program form BP-A0957, overtly implying that the inmate signing the form is a program participant from that moment onward.

All inmates housed in the residential housing unit must comply with all the house rules, are given similar assignments and are enrolled for the same thing. For example, all inmates in the housing unit must participate in the committees. I, for one, was leading the "upbeat ritual" committee on a weekly basis for over a year. I also contend that those who completed the phasing portion of the program but still housed in the housing unit are also protected under section 3.3.4. These particular inmates called "completers" remain in the housing unit on the condition that they provide assistance to junior members as "senior guides" and teach at least one workshop class a month. All that sounds precisely like "participation" by the standards set forth in the text of the Program statement.

## Resolution Sought

The resolution I seek is: 1. My immediate re-instatement back in the SOTP-R if applicable, (I have since re-applied) or, if not applicable, immediate re-instatement as compensation after any single subsequent or future expulsion of me from the SOTP-R done lawfully or not; 2. A ruling concluding that ALL inmates enrolled and housed in the residential housing unit of the SOTP-R are program participants for purposes of the protections set forth in section 3.3.4 of the SOTP Policy Statement; 3. That disciplinary measures be imposed on the Defendants (SOTP staff) pursuant to BOP Program Statement, Standards of Employee Conduct, 3420.11; and 4. Complete reimbursement of all my legal fees paid by me for the present action to be paid in full by the Defendants.

Respectfully submitted:    8 - 4 - 25

Martin Villalobos

-3-

# EXHIBIT A

# Administrative Remedy - Informal Resolution
## Marion, Illinois

Attachment A

Inmate's Name: **Martin Villalobos**    Reg. No. **63702-050**    Unit: **X**    Date: **3-26-24**

NOTICE:    You are advised that prior to filing a Request for Administrative Remedy [BP-9], you **MUST** attempt to informally resolve your complaint through your counselor. Please follow the three (3) steps listed below.

1. State your specific complaint: On Dec. 7, 2023 I was immediatly expelled from the SOTP by Staff members Ms. Dunning, Ms. Detrick, J. Gregory and Gautier, due to possesion of "risk-relevant" photos. This expulsion violated SOTP policy. The SOTP program statement 5324.10 chapter 3.3.4 section d, states that at least one attempt at a formal intervention must be given before any expulsion. This was never done. In regards to subsection d(2)s other provision for immediate expulsion, I did not meet this criteria. The incident did not involve drugs, alchohol, violence, escape, a 100 series shot or violation of confidentiality. The incident also did not rise to the level a lack of compliance of great magnitude to create an imediate ongoing problem.

2. State what efforts you have made to informally resolve your complaint: I met with the above listed SOTP staff per a call-out appointment at aprox. 10:30 AM on March 26, 2024 to discuss my re-enrollment in the program. It was denied.

3. State what resolution you request: Since the immediate expulsion on Dec. 7, 2024 did not comply with the program statement policy and was essentially illegal, I request to be promptly re-insteted in the residential program and given a proper intervention for the incident on Dec. 7, 2023.

Inmate's Signature: _____    Date: **3-26-24**

4. Correctional Counselor's Comments (Steps to Resolve): See attached Response

Counselor's Signature: _____    Date: 4-2-2024

Unit Manager's Review: _____    Date: 4/2/2024

| | Received by Counselor from inmate | Attempted informal with inmate by Counselor | BP-9 given to inmate | BP-9 Delivered to Admin. Remedy Clerk |
|---|---|---|---|---|
| Date | 3-26-24 | | 4-9-24 | |
| Time | 1:30 PM | | 11:30 pm | |
| Counselor | | | | |

ADMINISTRATIVE REMEDY – INFORMAL RESOLUTION

MARION, ILLINOIS

RESPONSE FOR: VILLALOBOS, MARTIN #63702-050

You were residing in the treatment unit in pretreatment status. Following discovery of risk relevant materials in your cell and issuance of two incident reports on 12/7/2024, you were removed from the unit per the decision of SOMP staff. Given your mollification of your behaviors on that day, multiple infractions, pretreatment status, and understanding that by policy the SOMP Coordinator has final authority over who resides in the treatment unit, your removal remains valid. You will be provided opportunity to reapply for Residential SOMP in 90 days.

# EXHIBIT B

**U.S. DEPARTMENT OF JUSTICE**                                    **REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons

---

From: _Villalobos, Martin, J_     _63702-050_     _X_     _Marion IL_
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A- INMATE REQUEST** I Stand by my initial Complaint (see attachments). I was fully enrolled in SOTP-R. There is no "Pretreatment Status" in the SOTP-Residential. Pretreatment is a non-Residential adjunctive Service Only. See: P. Statement ch. 3.4.5. I was merely waiting for phase 1 Class Space to be available. Staff is enrolling more inmates than there is Class Space to keep the unit full so that the Warden doesn't move in general population. Furthermore, two 300-Level shots where one was dismissed and the other reduced or alleged "Mollification" does not satisfy Subsection d(2)'s conditions for immediate expulsion. The SOMP coordinator does not have discretion to immediatly expel unless those conditions are met. The coordinator does have the responsibility to notify of expulsion Status, but this was only done by SOMP "specialists." So, in addition to my initial resolution request, I further request that SOMP Staff also be disciplined for brazen violations of established Bureau policy.

4-23-24
      DATE        SIGNATURE OF REQUESTER

**Part B- RESPONSE**



---

      DATE        WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**     CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       CASE NUMBER: _1198567-F1_

**Part C- RECEIPT**

Return to: _____
       LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _152mv_

---

      DATE        RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)

**U.S. Department of Justice**
**Federal Bureau of Prisons**

**Administrative Remedy**
**Part B - Response**

**Administrative Remedy Number**: 1198567-F1

This is in response to your Administrative Remedy receipted April 30, 2024, wherein you request to be reinstated into the Residential Sex Offender Management Program.

Program Statement 5324.10, <u>Sex Offender Programs</u>, Section 3.4.5, identifies provisions for Adjunctive Services provided to sex offenders. This section allows for sex offenders to volunteer for treatment in advance of starting the SOTP-R. Additionally, it specifies those who complete Adjunctive Services do not receive a SOTP-R completion code because they have not completed SOTP-R. Although you resided in the SOTP-R treatment unit, you are not considered in participation status evidenced by your prior Adjunctive Services code and supporting documentation. As such, the provisions of Section 3.3.4 do not specifically apply to your situation. Furthermore, while in the treatment unit you were issued two incident reports and removed from programming for failure to follow direct orders. After being allowed to return to the treatment unit and begin Adjunctive Services treatment, you received two additional incident reports and engaged minimally in programming. You, also admitted to possession of risk relevant materials that are detrimental to both you and the treatment unit. Following your second removal from the program and waiting 90 days to reapply, you failed to exhibit motivation to reengage in treatment. Specifically, you failed to identify activities you have engaged in to further your progress in treatment. Rather, you acknowledged creating a "dream journal" to induce "lucid dreams" with the content of the "dream journal" to contain sexually risk relevant descriptions of dreams. When engaged in conversation about the risk relevance of this behavior, you became argumentative. Your reentry into the program will be determined by the SOMP-Coordinator after you exhibit motivation for treatment as well as other clinical factors.

Accordingly, your Request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

_5/20/24_
Date

_D. Sproul, Warden_

# EXHIBIT C

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Villalobos, Martin, J__  __63702-050__  __X__  __Marion IL__
       LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL**  Per the record of this case (see Attachments A-E) I was expelled illegally from the SOTP-R and now request to be immediatly reinstated in the program. I further request disciplinary measures on SOMP Staff pursuant to policy statement "Standards of Employee Conduct" No. 3420.11. SOTP policy statement clearly mandates (repeatedly) that inmates must be given at least one attempt at a formal intervention unless 6 conditions in section 3.3.4 are met. I was immediatly expelled without such conditions satisfied. Furthermore, SOMP staff has gone on record misrepresenting and lying about SOTP-R policy. (see Att. B). The Warden backs up their erroneous position and has caused a delay and forced me to incure more mailing expenses by withholding his response from me until May 30, 2024. See Attached "Appellant's Addendum for BP-10" for more of my responce.

6-25-24
_____
DATE                                   SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
JUN 28 2024

_____             _____
DATE                               REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                     CASE NUMBER: __1198567-R3__

**Part C - RECEIPT**

                                            CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____                                        
DATE                          SIGNATURE, RECIPIENT OF REGIONAL APPEAL

FPI-PEPR        PRINTED ON RECYCLED PAPER                  BP-230(13)
                                                 JUNE 2002

Martin Villalobos # 63702-050
USP Marion
PO Box 1000                          Date:  6 - 25 - 2 4
Marion, IL 62959

Appellant's Addendum for BP-10 (BP-230)
Case No. 1198567-R1

This office should not consider the Warden's response (if it has been filed) because it is untimely. It was not put in the institution mail box to me until May 30, 2024, well after the due date of May 20. (See Attachment D "singed and dated by Mail Clerk.") If this office does consider it, the response is unavailing. The Program Statement 5324.10, Sex Offender Programs, sections 3.4 and 3.4.5 only govern Non-Residential treatment programing. Residential Sex Offender treatment programing is governed under section 3.5, which contains no pretreatment adjunctive services. The Warden's response contains contradictory language. He says I was "not considered in participation status" in the SOTP-R, yet later he states I "engaged minimally in programming." I was once in REAL pretreatment status in general population before I entered into the residential housing unit in 2020, which likely accounts for my "prior Adjunctive Services Code." To say that I was somehow not considered in participation status in the Residential program or not enrolled in it but still housed in the SOTP-R treatment unit would be highly irregular and would constitute even more violations of established Bureau policy. Section 3.5.5 of the aforementioned Program Statement mandates that such a housing unit "must be solely for SOPT-R participants" and is to be "separated from the general population," whereas Non-Residential pretreatment participants are not. The Warden has not provided any reasons for why this housing arrangement, mandated by the statute, was not being adhered to in my case. Since no reasons are given for this and since by policy I must have been enrolled in the SOTP-Residential to even be in the residential housing unit to begin with, I do fall under the provisions and protections provided under section 3.3.4 of the Program Statement.

Martin Villalobos

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number: 1198567-R3**

This is in response to your Regional Administrative Remedy Appeal received on June 28, 2024, in which you allege you were "expelled illegally" from the Residential Sex Offender Treatment Program (SOTP-R). You claim SOTP-R staff violated Bureau of Prisons (BOP) policy by failing to provide you with "at least one attempt at formal intervention" prior to expulsion. As relief, you request reinstatement into SOTP-R and "disciplinary measures" against SOTP-R staff.

We have reviewed your initial appeal, received in April 2024, and the Warden's response, dated May 20, 2024. In your initial appeal, you argued you were inappropriately expelled from SOTP-R and requested SOTP-R staff "disciplined for brazen violations of established BOP policy." In the Warden's response, you were provided education about Program Statement (P.S.) 5324.10, Sex Offender Programs. You were referred to Section 3.4.5 of this policy, which identifies the provisions for adjunctive non-residential treatment programming. This section allows sex offenders to volunteer for treatment in advance of starting SOTP-R participation in order to prepare. Although you resided on the SOTP-R unit, you were not in participation status. Therefore, you were informed the provisions of Section 3.3.4, Program Outcomes, does not apply to you. It was noted you received two incident reports and were removed from programming for failing to follow direct orders. After being allowed to return to the SOTP-R unit, you received two additional incident reports and engaged minimally in programming. You admitted to possession of risk relevant materials that were determined to be detrimental to you and the SOTP-R unit. After your second removal from the program unit and waiting 90 days to reapply, you demonstrated no motivation to reengage in treatment, were argumentative, and reported engaging in risk relevant behavior. You were informed the Sex Offender Management Program Coordinator would consider reentry into the program after you demonstrate motivation for treatment and other clinical factors.

An independent review of your complaint was completed. Reviewed documentation and BOP policy confirmed the information provided in the Warden's response. Program Outcomes, as outlined in Section 3.3.4 of P.S. 5324.10, applies to inmates who are actively participating in SOTP-R. On March 26, 2024, SOTP-R staff met with you to discuss SOTP-R after you had been removed from the unit for more than 90 days. During your review, it was determined you had recently engaged in risk relevant behaviors. You became argumentative and minimized and justified your behavior. You were informed you would be eligible to reapply for SOTP-R after June 26, 2024. You are encouraged to contact SOTP-R staff to review your current SOTP-R eligibility.

Accordingly, your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

_7/19/2024_
Date

_(signature)_
Andre Matevousian, Regional Director

# EXHIBIT D

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: __Villalobos, Martin, J__    __63702-050__    __X__    __FCI Marion__
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.            UNIT            INSTITUTION

**Part A - REASON FOR APPEAL**

Pursuant to the record of this case (see Attachments) I was illegally expelled from the SOTP-R and request to be immediatly reinstated. This has yet to happen. I also request disciplinary action on SOMP staff for insubordination due to non-compliance with BOP policy, pursuant to Program Statement "Standards of Employee Conduct No 3420.11. Their responce was that I was only in "Pretreatment Status" (for 2 1/2 years) while residing in the Residential Housing Unit and not participating in SOTP-R so my expulsion was valid. I replied that, by policy, pretreatment can only be administered to inmates in the general population, So I was indeed in the SOTP-R because only SOTP-R participants can reside in the residential housing unit.
For more of my responce see attached "Appellants Addendum for BP-11."

__8-14-24__                            _____
DATE                                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

AUG 27 2024

Administrative Remedies
Federal Bureau of Prisons

_____              _____
DATE                                    GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE            CASE NUMBER: __1198567__

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.        UNIT        INSTITUTION

SUBJECT:_____

_____              _____
DATE                          SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN        PRINTED ON RECYCLED PAPER        BP-231(13)
                                                JUNE 2002

Martin Villalobos # 63702-050
FCI Marion
PO Box 1000
Marion, IL 62959

*8-14-24*

Appellant's Addendum for BP-11 (BP-231)
Case No. 1198567

The actions of SOTP staff after I began this administrative remedy belies their contention that I was not in the SOTP-Residential when I was expelled. Starting August 1, 2024, the SOTP-R at FCI Marion began doing pretreatment adjunctive services (to prepare for SOTP-R) only while inmates are in the general population prior to entering the residential housing unit, caving in to pressure from the Regional Office to comply with policy. After years of non-compliance. It's curious that the term "pretreatment status" disappeared from the lexicon in the Warden's and Regional Office's responses regarding what I was doing in the residential housing unit all that time (over 2 and a-half years). (The Warden did indicate that I was to "begin Adjunctive Services treatment" in the SOTP-R housing unit.) "Pretreatment status" is precisely the reason SOMP staff gave to justify their immediate expulsion of me (see Attachment B). Now that it is settled that pretreatment adjunctive services can only be administered while in the general population, attested to by SOMP staff's own actions on August 1, the question is whether only the phasing portion of the SOTP-R constitutes "participation status" and is where section 3.3.4 of Program Statement No. 5324.10 applies. First of all, there is nothing in the text of that specific policy that describes admitting inmates into the residential housing unit for anything other than participation in the SOTP-R or to remain in any condition that is anything other than participating in the SOTP-R. Such policy statement makes no distinction between the phasing portion of the residential program or any other period. All inmates housed in the residential housing unit must comply with all the house rules, are given similar assignments and are enrolled for the same thing. All that sounds like participation to me. Additionally, section 3.5.5 of the aforementioned Program Statement mandates that such a housing unit "must be solely for SOTP-R participants" and is to be "separated from the general population" whereas Non-Residential pretreatment participants are not. No one has provided any reasons for why this housing arrangement, mandated by the statute, was not being adhered to in my case. Since no reasons are given for this and since by policy I must have been participating in the SOTP-R to even be in the housing unit to begin with, I do fall within the provisions and protections provided under section 3.3.4 of the Program Statement.

Martin Villalobos

**Administrative Remedy No. 1198567-A1**
**Part B – Response**

This is in response to your Central Office Administrative Remedy Appeal wherein you contest your expulsion from SOTP-R. Specifically, you state staff acted illegally and violated policy by expelling you from the program because formal intervention was not attempted.  Additionally, you state you were residing in the SOTP-R Unit and you refute the Warden's response indicating that you were not in active participation status.  For relief, you request reinstatement into SOTP-R and for the staff who removed you from the program to be disciplined.

We have reviewed documentation relevant to your appeal and, based on the information gathered, concur with the manner in which the Warden and Regional Director addressed your concerns at the time of your Request for Administrative Remedy and subsequent appeal.  You were removed from the SOTP-R Unit after numerous disciplinary and behavioral infractions.  Because you were an adjunctive services participant at the time of removal, you were not a full program participant.  Thus, guidelines pertaining to expulsion from the program, as outlined in Program Statement 5324.10, Sex Offender Programs, do not apply in your case.  You fail to provide any evidence to substantiate staff acted illegally or failed to act in accordance with established policy guidelines.

Accordingly, we encourage you to coordinate with the appropriate staff at your parent institution for any future concerns you may have pertaining to SOTP-R participation.

Considering the foregoing, you appeal is denied.


_____September 3, 2024_____          _T. Barnett_____
Date                                 Timothy Barnett, Administrator
                                     National Inmate Appeals

# EXHIBIT E

```
   MARCS          *        INMATE DISCIPLINE DATA          *      09-24-2024
PAGE 001 OF 001 * CHRONOLOGICAL DISCIPLINARY LOG (CONDENSED) *      15:02:04

REGISTER NO: 63702-050 NAME..: VILLALOBOS, MARTIN J
FUNCTION...: PRT        FORMAT: CONDENSED LIMIT TO ___ MOS PRIOR TO 09-24-2024

HEARING DT REPORT# PROHIBITED ACT / DESCRIPTION      SANCTION(STATUS) COMP LAW
---------- ------- --- ------------------------------ ----------------- ---- ---
12-13-2023 3863503 310 BEING ABSENT FROM ASSIGNMENT   LP PHONE  (SUSP)

12-13-2023 3863507 305 POSSESSING UNAUTHORIZED ITEM   LP PHONE

08-02-2021 3531369 306 REFUSING WORK/PGM ASSIGNMENT   LP COMM

10-23-2019 3312472 104 POSSESSING A DANGEROUS WEAPON  DIS GCT          010  P
                                                      DS
                                                      LP COMM
                                                      LP EMAIL
                                                      LP PHONE  (SUSP)
                                                      LP VISIT

08-31-2016 2889710 305 POSSESSING UNAUTHORIZED ITEM   LOSE JOB

07-26-2016 2875423 306 REFUSING WORK/PGM ASSIGNMENT   LP COMM
```

```
   G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```



**BP-A0288**          **INCIDENT REPORT**
Dept. of Justice / Federal Bureau of Prisons

### Part I - Incident Report

| 1. Institution: **MARION USP** | | Incident Report Number: **3531369** | |
|---|---|---|---|
| 2. Inmate's Name **VILLALOBOS, MARTIN** | 3. Register Number **63702-050** | 4. Date of Incident **08-02-2021** | 5. Time **0800 hrs** |
| 6. Place of Incident **East Chapel Room 1** | 7. Assignment **REC YD PM** | 8. Unit **SOTP-R** | |

| 9. Incident | 10. Prohibited Act Code(s) |
|---|---|
| **306 -- REFUSING WORK/PGM ASSIGNMENT.** <br> **307-- REFUSING TO OBEY AN ORDER** | **306 307** |

11. Description Of Incident

(Date: **08-02-2021**    Time: **0800**    staff became aware of incident)

**Inmate VILLALOBOS, MARTIN, #63702-050 was asked to find another seat on the other side of the room to sit. He asked why on multiple occasions and confirmed he did not want to do it. He was asked again by staff and when he chose not to follow staff's request for the second time he was given a direct order. Prior to calling the Lieutenant's office this staff member gave him a Direct Order of two options, either switch seats or leave the group. Inmate Villalobos continued to disobey the staff members direct order.**

| 12. Typed Name/Signature of Reporting Employee <br> **C Dunning** | | 13. Date And Time <br> **08-02-2021 0918 hrs** | |
|---|---|---|---|
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature) <br> **C. WATTS** | 15. Date Report Delivered <br> **08-02-2021** | 16. Time Report Delivered <br> **0935 hrs** | |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

Prescribed by P5270                                              Replaces BP-S288.052



BP-A0288  **INCIDENT REPORT**
Dept. of Justice / Federal Bureau of Prisons

**Part I - Incident Report**

| 1. Institution:  **MARION USP** | | Incident Report Number:  **3863507** | |
|---|---|---|---|
| 2. Inmate's Name **VILLALOBOS, MARTIN** | 3. Register Number **63702-050** | 4. Date of Incident **12-07-2023** | 5. Time **0815 hrs** |
| 6. Place of Incident **F01-006L** | 7. Assignment **REC YD PM** | 8. Unit **7 SOP** | |
| 9. Incident **329 -- DESTROY PROP $100 OR LESS.** | | 10. Prohibited Act Code(s) **329** | |

11. Description Of Incident
(Date: **12-07-2023**   Time: **0815 hrs**   staff became aware of incident)

On 12-7-2023 I conducted a search of the cell belonging to inmate VILLALOBOS, MARTIN, #63702-050. Upon inspection of the inmate's issued mattress I discovered a concealed hole that had been ripped and inside the inmate had hidden some nuisance contraband inside of the mattress stuffing. Inmate Villalobos also had a sheet that he had ripped up to use for purposes other than what they are issued for.
When inmates are given institution issued mattresses or sheets they are supposed to immediately notify staff of any defect of the item given to them. Inmate Villalobos has been in the same cell with the same mattress for a prolonged amount of time prior to this incident report being written. Pictures of the mattress and sheet will be attached to this incident report.

| 12. Typed Name/Signature of Reporting Employee **Bryce Basler** | | 13. Date And Time **12-07-2023 1018 hrs** | |
|---|---|---|---|
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature) **LT T. HUCKELBERRY** | | 15. Date Report Delivered **12-07-2023** | 16. Time Report Delivered **1851 hrs** |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

Prescribed by P5270                                          Replaces BP-S288.052

| BP-A0288 | **INCIDENT REPORT** |
|---|---|
| | Dept. of Justice / Federal Bureau of Prisons |

**Part I - Incident Report**

| 1. Institution: **MARION USP** | | Incident Report Number: **3863503** | |
|---|---|---|---|
| 2. Inmate's Name **VILLALOBOS, MARTIN** | 3. Register Number **63702-050** | 4. Date of Incident **12-07-2023** | 5. Time **0715 hrs** |
| 6. Place of Incident **Health Services** | 7. Assignment **REC YD PM** | 8. Unit **7 SOP** | |
| 9. Incident **310 -- BEING ABSENT FROM ASSiGNMENT.** | | 10. Prohibited Act Code(s) **310** | |

11. Description Of Incident
(Date: **12-07-2023**    Time:    **0715 hrs**    staff became aware of incident)

**Inmate VILLALOBOS, MARTIN, #63702-050 was on a call out to report to Health Services at 0715. Inmate VILLALOBOS, Martin, #63702-050 did not arrive in Health Services for his appointment. Officer Basler in F unit was notified and Officer Basler found Inmate VILLALOBOS, MARTIN, #63702-050 in his assigned cell.**

| 12. Typed Name/Signature of Reporting Employee **Joshua Richardson** | | 13. Date And Time **12-07-2023 0951 hrs** | |
|---|---|---|---|
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature) **L*J*.T. HUCKELBERRY** | | 15. Date Report Delivered **12-07-2023** | 16. Time Report Delivered **1850 hrs** |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

Prescribed by P5270                                    Replaces BP-S288.052



U.S. POSTAGE PAID
FCM LG ENV
LODI, NJ 07644
AUG 08, 2025

$12.98

S2324W501621-4

Retail

RDC 99

62201

**CERTIFIED MAIL**

9589 0710 5270 2670 1694 66

FIRST CLASS

RETURN RECEIPT REQUESTED

MAIL CLEARED US MARSHALS

FIRST CLASS

FIRST CLASS

RETURN RECEIPT REQUESTED

Martin Villalobos # 63702-05D
FCI Marion
P.o. Box 1000
Marion, IL 62959

U.S. District Court
Southern District of Illinois
Clerk of the Court
750 Missouri Avenue
East Saint Louis, Illinois 62201

RECEIVED

AUG 14 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br>US District Court<br>Southern Illinois<br>Clerk of the Court<br>750 Missouri Ave.<br>E. Saint Louis, IL 62201 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |

9590 9402 8267 3094 7095 80

| 3. Service Type | |
|---|---|
| ☐ Adult Signature | ☐ Priority Mail Express® |
| ☐ Adult Signature Restricted Delivery | ☐ Registered Mail™ |
| ☐ Certified Mail® | ☐ Registered Mail Restricted Delivery |
| ☐ Certified Mail Restricted Delivery | ☐ Signature Confirmation™ |
| ☐ Collect on Delivery | ☐ Signature Confirmation Restricted Delivery |
| ☐ Collect on Delivery Restricted Delivery | |
| ☐ Insured Mail | |
| Restricted Delivery | |

2.  9589 0710 5270 2670 1694 66

PS Form 3811, July 2020 PSN 7530-02-000-9053                    Domestic Return Receipt

