IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTIN J. VILLALOBOS, #63702-050, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 25-cv-01586-JPG |
| ) | |
| C. GAUTHIER, ) | |
| S. DETRICK, ) | |
| C. DUNNING, ) | |
| and J. GREGORY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Martin Villalobos, an inmate in the custody of the Federal Bureau of Prisons and currently incarcerated at the Federal Correctional Institution in Marion, Illinois (FCI-Marion), filed this action pursuant to *Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971). In the Complaint, Plaintiff brings claims for constitutional deprivations arising from his allegedly wrongful expulsion from the residential sex offender treatment program (SOTP-R) at FCI-Marion. (Doc. 1). He seeks reinstatement in the program and money damages. *Id*. at 12.

The Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant. 28 U.S.C. § 1915A(a)-(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-33): Plaintiff was expelled from FCI-Marion's residential sex offender treatment program (SOTP-R) without warning on December 7, 2023, and he was subsequently denied re-enrollment. *Id*. at 10, 14-31. He claims the expulsion violated Section 3.3.4 of the Federal Bureau of Prisons' (BOP) Program Statement 5324.10, which calls for one attempt at formal intervention before expelling an inmate from the program. The only exceptions to this warning requirement occur when a disciplinary hearing officer finds that the inmate committed a disciplinary infraction involving: (1) alcohol or drugs; (2) violence or threats of violence; (3) escape or attempted escape; (4) a 100-level series incident report; (5) a violation of confidentiality; and (6) prohibited conduct of such magnitude that the inmate's continued presence would create an immediate ongoing problem for staff or inmates. *Id*. at 10.

Plaintiff alleges that he was "immediately" expelled from FCI-Marion's SOTP-R with no attempt at formal intervention. At the time, he was not engaged in any conduct that was excepted from the warning requirement.[1] Sex offender management program (SOMP) personnel explained that Plaintiff was ineligible for protection (*i.e.*, including formal intervention or a pre-expulsion warning) under Section 3.3.4 because he was not considered a "full program participant" in FCI-Marion's residential sex offender treatment program at the time. He was only receiving "adjunctive services treatment" as part of the *non*-residential sex offender treatment program. *Id*.

---

[1] Plaintiff admittedly received several disciplinary reports from the time he began programming in February 2020. *Id*. at 12. He states that the 300-level offenses were either dismissed, suspended, or reduced. *Id.* at 12, 18. His expulsion occurred after he was found with "risk relevant photos," but these photos did not trigger any exceptions to the warning requirement in Section 3.3.4. *Id*. at 10. Grievance officials conceded this in response to his grievances and appeals. *Id*.

2

Plaintiff counters that he was assigned to live in the residential housing unit continually from October 2021 to December 7, 2023. *Id*. He signed an "Agreement to Participate in Sex Offender Treatment Program." *Id*. at 12, 18. He was required to abide by the rules applicable to the residential housing unit, and he participated in and led a housing committee. *Id*.

Plaintiff appealed the decision to expel him from the SOTP-R. In response, SOMP officials explained that he remained in "pretreatment status" while residing in the "residential treatment unit." *Id*. ta 11. He had not yet begun the "phasing portion" of the SOTP-R and thus did not qualify for protection under Section 3.3.4. Plaintiff now argues that prison officials misinterpreted Section 3.3.4 as only including inmates in the phasing period of the program, when he should have received one warning before he was expelled from the treatment program. *Id*. at 10-11. He seeks reinstatement into FCI-Marion's SOTP-R and money damages from the individual SOMP personnel named as defendants. *Id*. at 12.

## Discussion

Based on the above allegations, the Court designates the following count in the *pro se* Complaint:

> **Count 1:** Defendants Gauthier, Detrick, Dunning, and Gregory unlawfully expelled Plaintiff from FCI-Marion's residential sex offender treatment program without affording him protection under Section 3.3.4 of BOP Program Statement 5324.10.

**Any other claim mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.[2]**

Plaintiff brings this claim under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 392 (1971). In *Bivens*, the Supreme Court first recognized an implied

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face.").

3

damages remedy against individual federal agents involved in an unreasonable search and seizure that violated the Fourth Amendment. *Bivens*, 403 U.S. at 392. The Court has only extended this remedy twice to include a Fifth Amendment gender discrimination claim in *Davis v. Passman*, 442 U.S. 228 (1979), and an Eighth Amendment medical deliberate indifference claim in *Carlson v. Green*, 446 U.S. 14 (1980). The Supreme Court has more recently cautioned lower courts against expansion of this implied damages remedy. *Egbert v. Boule*, 596 U.S. 482 (2022). All further expansion of the remedy to cover any new context or new category of defendants is strongly disfavored. *Id*. at 491-92.

A district court presented with a *Bivens*-type claim must consider whether the claim differs from those claims recognized in *Bivens, Passman*, or *Carlson*, and, if so, consider whether "special factors" counsel against expansion of the remedy into a new context absent congressional action. *Id*.; *Ziglar v. Abassi*, 582 U.S. 120, 139-40 (2017). This inquiry, in turn, hinges on whether there is any reason to think that the federal courts are arguably less equipped than Congress to create a damages remedy. *Egbert*, 596 U.S. at 491-92; *Goldey v. Fields*, 606 U.S. 942, 944 (2025).

Count 1 presents a new context. The constitutional basis for the claim is not identified, but it is unlike the Fourth Amendment claim at issue in *Bivens*, the Eighth Amendment claim at issue in *Carlson,* or the Fifth Amendment claim at issue in *Passman*. These claims do not arise from a federal inmate's allegedly unlawful expulsion from a facility's residential sex offender treatment program.

Count 1 also involves a new category of defendants. The defendants in *Bivens*, *Carlson,* and *Passman* do not include SOMP staff at a federal facility. The only defendants in this action are described as sex offender management program personnel. Beyond this, Plaintiff offers no information about the role each defendant played in a decision to expel him from the program.

Regardless, Congress is in a better position than the Courts to formulate a remedy for an inmate's allegedly wrongful expulsion from the residential sex offender treatment program. The prison already offers a remedy: the administrative grievance process. BOP facilities like FCI-Marion make use of this process to resolve grievances internally, and Plaintiff used the grievance process to address his complaints. He was simply not satisfied with the outcome. Even so, Plaintiff's failure to secure his desired relief does not open the door to this court's unauthorized expansion of a *Bivens*-type implied damages remedy against the defendants.

This case presents a claim for implied damages in a new context and against a new category of defendants. Because further expansion of a *Bivens*-type remedy is foreclosed by Supreme Court precedent, the Court declines to expand the remedy here. Count 1 shall be dismissed for failure to state a claim upon which relief may be granted, and this case shall be closed.

## Disposition

The Complaint, including **COUNT 1** against Defendants **C. GAUTHIER, S. DETRICK, C. DUNNING,** and **J. GREGORY**, fails to state a claim upon which relief may be granted. Because an amendment to the Complaint would be futile, **COUNT 1** and the entire action are **DISMISSED without prejudice**. This dismissal counts as one of the three "strikes" that Plaintiff is allotted under 28 U.S.C. § 1915(g).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 22, 2025**                s/ J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **United States District Judge**